IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 09-cv-02878-PAB-KMT

CAUGHT FISH ENTERPRISES, LLC,
a Colorado limited liability company, and
METAL ROOF INNOVATIONS, LTD.,
a Colorado corporation,

    Plaintiffs,

v.

BLAZE WHARTON CONSTRUCTION, INC., d/b/a
MOUNTAIN SNOW STOPS, a Montana corporation, and
BLAZE WHARTON, an individual,

    Defendants.

---

# ORDER

---

This matter is before the Court on plaintiffs' unopposed motion for entry of consent judgment [Docket No. 9]. There being no dispute regarding the following, the Court finds:

    1.    This action arises under the patent laws of the United States, 35 U.S.C. §§ 101 *et seq*.

    2.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338.

    3.    Venue in this Court is proper pursuant to 28 U.S.C. §§ 1391 and 1400.

    4.    Caught Fish Enterprises, LLC ("Caught Fish") is the owner of U.S. Patent No. 5,983,588 ("the '588 patent") by assignment from Robert M.M. Haddock.

    5.    Metal Roof Innovations, Ltd. ("MRI") is a licensee of the '588 patent

(Caught Fish and MRI will hereinafter be collectively referred to as "Caught Fish").

6. The '588 patent is presumed valid pursuant to 35 U.S.C. § 282, and the parties agree the patent claims are valid and enforceable.

7. Blaze Wharton Construction, Inc., d/b/a Mountain Snow Stops ("BWC") made, used, offered for sale and sold within the United States clamps used for controlling snow movement upon metal roofing panels. The clamps are comprised of a body, into which is formed a slot designed to accept the profile of a standing metal roof seam. In operation, the clamps are placed over the standing metal roof seam and secured to the standing metal roof seams by use of threaded set screws. The screws have a blunt end and thus do not pierce the metal roof. The clamps and operation thereof are referred to as the "Accused Clamps and Methods."

8. The Accused Clamps and Methods infringe at least Claim 1 of the '588 patent.

Therefore, it is

**ORDERED** that judgment enter in favor of Caught Fish on its claim for patent infringement with respect to the Accused Clamps and Methods, each party bearing its own fees and costs and waiving its right to appeal or otherwise contest this Order and resulting Judgment. Further, it is

**ORDERED** that BWC, Wharton, its affiliates, subsidiaries, officers, directors, employees, agents, representatives, successors, assigns and all persons in active concert with them, are permanently enjoined from making, using, importing, selling and/or offering to sell the Accused Clamps and Methods, any colorable imitations

thereof and/or any other product or method that infringes upon claims of the '588 patent. Further, it is

**ORDERED** that BWC and Wharton shall pay Caught Fish $500 by January 18, 2010. Further, it is

**ORDERED** that BWC and Wharton will ship to Caught Fish at their own cost and for destruction by January 15, 2010 all Accused Clamps in their possession, custody or control, which total number of Clamps will be at approximately 20. Further, it is

**ORDERED** that plaintiffs' motion [Docket No. 9] is GRANTED. Further, it is

**ORDERED** that plaintiffs' previously filed unopposed motion for entry of consent judgment [Docket No. 7] is DENIED as moot.

DATED February 24, 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge